UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| DORIS GORDON | CIVIL ACTION |
|---|---|
| VERSUS | NO. 16-15279 |
| DOLGENCORP, LLC d/b/a DOLLAR GENERAL | SECTION "R" (5) |

## **ORDER AND REASONS**

Before the Court is defendant's motion for summary judgment.[1] For the following reasons, the Court grants the motion.

## I.   BACKGROUND

On March 11, 2016, Plaintiff Doris Gordon slipped and fell at a Dollar General store in Marrero, Louisiana.[2] Plaintiff initially entered the store without difficulty and purchased some merchandise.[3] After leaving the store, she decided that she wanted to get some change to pay a bill and reentered the store.[4] Because it rained that day, the interior mat at the store entrance was allegedly soaked with water.[5] Plaintiff asserts that her shoe became wet

---
[1]   R. Doc. 16.
[2]   R. Doc. 17 at 1.
[3]   R. Doc. 16-3 at 10-11, 13.
[4]   *Id.* at 11.
[5]   R. Doc. 17 at 1.

after she stepped on the water-saturated mat while reentering the store, causing her to slip on the store's floor and sustain injuries.[6]

On August 18, 2016, plaintiff filed suit for damages against Defendant DG Louisiana, LLC[7] in Louisiana state court.[8] Plaintiff alleged that the slippery floor at the Dollar General store constituted an unreasonably dangerous condition and that defendant acted negligently in failing to remedy or warn of the danger.[9] On October 6, 2016, defendant removed the matter to this Court on the basis of complete diversity of citizenship.[10] Defendant now moves for summary judgment.[11]

## II.  LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material

---

[6]  *Id.* at 1-2.
[7]  Defendant was incorrectly designated as Dolgencorp, LLC d/b/a Dollar General. *See* R. Doc. 1 at 1.
[8]  *Id.;* R. Doc. 1-1.
[9]  R. Doc. 1-1 at 1-2.
[10] R. Doc. 1 at 1-3.
[11] R. Doc. 16.

fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *see also Little*, 37 F.3d at 1075. "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *EEOC v. Simbaki, Ltd.,* 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 mandates the entry of

3

summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." (quoting *Celotex*, 477 U.S. at 322)).

### III. DISCUSSION

#### A. Constructive Notice

In Louisiana, a plaintiff seeking damages against a merchant because of a fall on their premises has the burden of proving that a condition on the premises presented an unreasonable risk of harm, that this harm was reasonably foreseeable, that the merchant either created or had actual or constructive notice of the condition, and that the merchant failed to exercise reasonable care. La. R.S. 9:2800.6(B). To establish constructive notice, the plaintiff must prove "that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." La. R.S. 9:2800.6(C).

Defendant contends that summary judgment is warranted in this matter because plaintiff has not produced evidence that it had actual or constructive notice of the allegedly hazardous water-saturated floor mat.[12]

---

[12] R. Doc. 16-2 at 3.

The Louisiana Supreme Court has made clear that, to recover against a merchant, a "claimant must make a positive showing of the existence of the condition" for "some time period prior to the fall." *White v. Wal-Mart Stores*, 699 So. 2d 1081, 1084-85 (La. 1997); *see also Duncan v. Wal-Mart*, 863 F.3d 406, 410 (5th Cir. 2017) (affirming summary judgment against plaintiff where plaintiff presented no evidence of "how water came to be under the floor mat nor how long it had been there before her fall").

Here, plaintiff admitted in her deposition testimony that she had no information regarding how long the floor mat had been wet, nor whether any Dollar General employees knew that the floor mat was wet.[13] She further testified that she did not notice whether the floor mat was wet when she initially entered and exited the store.[14] Plaintiff instead posits that the floor mat could not have become saturated with water immediately and water must therefore have collected in the mat over an extended period of time.[15]

But plaintiff must show that the hazardous condition existed for a period of time, not that the hazard developed over time. Defendant's store manager testified that the floor mat is provided for customers to wipe their

---

[13] R. Doc. 16-3 at 13-14.
[14] *Id.* at 13.
[15] R. Doc. 17 at 11-12.

5

feet on rainy days.[16] Plaintiff contends that, at some point, "the floor mat at the entrance to the store was so soaked with water that it was no longer serving to dry off patrons' feet, but instead it was acting to create a hazard by wetting patrons' shoes."[17] Plaintiff cannot, however, identify *when* the mat allegedly transformed from a helpful precaution to a hazardous condition. That the mat absorbed some water before plaintiff's fall does not establish that the mat was unreasonably dangerous for a period of time before the fall.

Moreover, rainy weather conditions alone are insufficient to establish constructive notice. Under similar factual circumstances, the Louisiana Supreme Court held that a plaintiff failed to prove constructive notice where he "produced evidence showing that the general area where he fell was within view of a customer service podium and that it was raining on the evening in question" but "presented absolutely no evidence as to the length of time the puddle was on the floor before his accident." *Kennedy v. Wal-Mart Stores*, 733 So. 2d 1188, 1191 (La. 1999); *see also Pollet v. Sears Roebuck & Co.*, 45 F. App'x 226, 2002 WL 1939917, at *6 (5th Cir. 2002) (explaining that rainy weather does not change plaintiff's burden to show temporal element of constructive notice); *Gray v. Shoney's Inc.*, 192 F.3d 125, 1999 WL 683806,

---

[16] R. Doc. 17-3 at 25-26.
[17] R. Doc. 17 at 11.

6

at *1 (5th Cir. 1999) (finding that rainy conditions and "Wet Floor" signs in restaurant were insufficient to establish actual or constructive knowledge of water puddle in hallway).

Like the plaintiff in *Kennedy*, plaintiff here fails to provide any evidence of constructive notice apart from her contention that it was raining outside and that the store cashier should have known that the mat was wet.[18] *See Kennedy*, 733 So. 2d at 1189 (finding insufficient plaintiff's claim that he "'thought' one of the cashiers should have been able to see whatever was on the floor"); *White*, 699 So. 2d at 1085-86 (explaining that it was error to assume that employee could have noticed a spill when plaintiff "did not notice it after having traversed the area twice").

Plaintiff cites several Louisiana appellate court decisions in arguing that constructive notice can be shown through circumstantial evidence.[19] But each of those cases involved at least some evidence indicating that the hazard persisted over time. In *Davenport v. Albertson's, Inc.*, 774 So. 2d 340 (La. App. 3 Cir. 2000), the court found that constructive notice of a toy truck on the floor of the toy aisle could be inferred from photographs of toys lying in the aisle and affidavits of witnesses who had seen toys and other objects

---

18  R. Doc. 16-3 at 14.
19  R. Doc. 17 at 10-11.

in the aisle since the accident and witnessed store employees walking past toys without picking them up. *Id.* at 344-45. In two other cases, courts found sufficient evidence of constructive notice of hazardous puddles because the size of the puddles suggested the liquid had spread over time. *See Rodgers v. Food Lion, Inc.*, 756 So. 2d 624, 625-26 (La. App. 2 Cir. 2000); *Broussard v. Wal-Mart Stores, Inc.*, 741 So. 2d 65, 69 (La. App. 3 Cir. 1999). Plaintiff presents no similar evidence that would permit an inference that the floor mat was dangerously saturated with water for a period of time before her fall.

Plaintiff contends that defendant has not presented evidence that its employees inspected the floor mat or ensured that it was not dangerous.[20] But defendant is not required to prove that it acted reasonably or that its employees did not see the hazard. *White*, 699 So. 2d at 1085-87. Plaintiff bears the burden of proving each element required by Louisiana Revised Statutes § 9:2800.6. Without a showing of actual or constructive notice, plaintiff's argument that defendant failed to follow reasonable safety procedures is not relevant. *See Pollet*, 46 F. App'x 226, 2002 WL 1939917, at *8 (explaining that factual dispute over whether merchant followed its own rainy day procedures did not preclude summary judgment based on constructive notice).

---

[20] *Id.* at 12.

Accordingly, plaintiff has failed to establish a genuine issue of fact as to defendant's actual or constructive notice of the alleged hazard.

B.   **Alleged Spoliation of Evidence**

Plaintiff argues that she is entitled to an adverse presumption against defendant under Louisiana law because defendant failed to diligently collect and preserve evidence related to her fall.[21] In diversity cases, federal rather than state evidentiary rules apply to alleged spoliation of evidence. *See Condrey v. SunTrust Bank of Ga.*, 431 F.3d 191, 203 (5th Cir. 2005). The "Fifth Circuit permits an adverse inference against the destroyer of evidence only upon a showing of bad faith or bad conduct." *Id.*

Plaintiff contends that defendant's store manager, Tia Smalls, failed to interview potential witnesses to the accident and altered her incident report with white-out.[22] Defendant represents that it has been unable to locate the original whited-out incident report despite a diligent search.[23] Defendant did, however, produce a copy of the whited-out report submitted by Ms. Smalls to its Risk Management Department.[24]

---

[21]   R. Doc. 17 at 13-14.
[22]   *Id.* at 14.
[23]   R. Doc. 17-7 at 2.
[24]   *Id.*; R. Doc. 17-3 at 67.

As an initial matter, plaintiff has not shown that defendant had a duty to conduct a diligent investigation. Even if defendant was under a duty to preserve the original whited-out report, the record does not indicate evidence of bad faith. Bad faith "generally means destruction for the purpose of hiding adverse evidence." *Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015). Defendant produced the whited-out report that it received from Ms. Smalls. Ms. Smalls testified that she whited-out part of the incident report to make the report more professional before sending it to her boss, not to change the substance of the information conveyed in the report.[25] Although plaintiff speculates that the words whited-out in the incident report may have included words unfavorable to defendant, plaintiff has made no showing that Ms. Smalls intentionally attempted to hide adverse evidence. *See Condrey*, 431 F.3d at 203 (affirming summary judgment where nonmovant presented no evidence of bad faith). Plaintiff is not entitled to an adverse presumption against defendant.

---

[25] R. Doc. 17-3 at 36-37. Ms. Smalls testified that she didn't think she needed to check with anyone before whiting out the report because she "still wrote the same thing." *See id.* at 37.

## IV. CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is GRANTED. Plaintiff's complaint is DISMISSED.

New Orleans, Louisiana, this __29th__ day of August, 2017

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE